Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Soheila S Gooran

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHEILA S GOORAN,<br><br>      Plaintiff,<br><br>vs.<br><br>US BANK, N.A. *also known as* CARDMEMBER SERVICES; and DOES 1 to 10 inclusive<br><br>      Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. TCPA, 47 U.S.C. § 227**<br>**2. Cal Civ. Code § 1788**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Soheila S Gooran (Plaintiff), through her attorneys, alleges the following against Defendant, US Bank, N.A. *also known as* Cardmember Services, (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among

other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of California, and therefore, personal jurisdiction is established.

4. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Reseda, Los Angeles, County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant US Bank, N.A. *also known as* Cardmember Services (hereinafter "US Bank") is a Minnesota corporation, headquartered in the State of

Minnesota, with its Corporate Office located at 800 Nicollet Mall, Minneapolis, MN 55402. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff.

11. In an attempt to collect on one or more alleged consumer accounts, Defendant began calling Plaintiff on her cellular phone number (818) 632-3378 in or around September 2015 from the following numbers: (800) 236-9454; (877) 838-4347 and (800) 236-4188; upon information and belief these numbers are owned or operated by Defendant.

12. On or about November 7, 2015, at 9:03 a.m. Plaintiff answered a call from (877) 838-4347 and unequivocally revoked consent to be contacted on her cellular telephone regarding this debt.

13. On or about December 14, 2015, at 12:37 p.m. Plaintiff answered a second call from (800) 236-9454 and unequivocally revoked consent to be contacted on her cellular telephone regarding this debt a second time.

14. On or about December 28, 2015, at 6:56 p.m. Plaintiff answered a third call from (800) 236-9454 and unequivocally revoked consent to be contacted on her cellular telephone regarding this debt a third time.

15. On or about February 4, 2016, at 4:04 p.m. Plaintiff answered a fourth call from (800) 236-9454 and unequivocally revoked consent to be contacted on her cellular telephone regarding this debt a fourth time.

16. Between November 10, 2015 to November 30, 2015, Plaintiff was called no less than seventy (70) times after having repeatedly unequivocally revoked consent to be contacted on her cellular phone regarding this debt.

17. Between December 1, 2015 to December 30, 2015, Plaintiff was called no less than One hundred twenty-eight (128) times after having repeatedly unequivocally revoked consent to be contacted on her cellular phone regarding this debt.

18. Between January 1, 2016 to January 30, 2016, Plaintiff was called no less than one hundred sixty-five (165) times after having repeatedly unequivocally revoked consent to be contacted on her cellular phone regarding this debt.

19. Between February 1, 2016 to February 29, 2016, Plaintiff was called no less than One Hundred (100) times after having repeatedly unequivocally revoked consent to be contacted on her cellular phone regarding this debt.

20. Between March 1, 2015 to the date of this complaint, Defendant has continued to contact Plaintiff no less than forty (40) times after having repeatedly unequivocally revoked consent to be contacted on her cellular phone regarding this debt.

21. In total, US Bank contacted Plaintiff not less than Five Hundred Fifty (550) times after Plaintiff unequivocally revoked consent to be contacted.

22. Plaintiff's counsel sent US Bank a letter of representation and settlement letter regarding the TCPA and RFDCPA violations on March 28, 2016 via USPS Certified Mail.

23. Upon information and belief, the letter of representation and demand was received by Defendant on or about April 2, 2016.

24. Upon information and belief, Plaintiff continued to receive approximately four (4) collection calls from Defendant thru April 7, 2016 after having received the demand letter.

25. As a result of Defendants conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully

violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

29. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the

provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff, SOHEILA S GOORAN, respectfully requests judgment be entered against Defendant, U.S. BANK, N.A., for the following:

A. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b), and TCPA 47 U.S.C §227(b)(3)(B);

B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

C. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 25, 2016         By:*/s/ Stuart Price*

Stuart Price, Esq.
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Tel: 818-907-2030
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Soheila S Gooran